**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HERNAN LOPEZ-CABRERA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73021

Agency No. A089-853-856

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Hernan Lopez-Cabrera, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Lopez-Cabrera contends gang members harmed and threatened him in El Salvador on account of his religion.  Substantial evidence supports the agency's finding that Lopez-Cabrera failed to establish he suffered past persecution or faces a clear-probability of future persecution on account of a protected ground.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts do not establish persecution).  Thus, in the absence of a nexus to a protected ground, Lopez-Cabrera's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Lopez-Cabrera failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Lopez-Cabrera's contention that the BIA failed to address all of his appellate arguments, *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th

12-73021

Cir. 2010), and his contention that the case warranted review by a three-member panel of the BIA, *see* 8 C.F.R. § 1003.1(e)(6).

**PETITION FOR REVIEW DENIED.**

12-73021